# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSEMARY R. IRVING,

               Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,

               Agency.

DOCKET NUMBER
DE-0843-16-0327-I-1

DATE: July 13, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosemary R. Irving, Phoenix, Arizona, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying her survivor benefits as a former spouse. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has failed to establish any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the basis for finding that the appellant is not entitled to survivor benefits, we AFFIRM the initial decision.

## BACKGROUND

¶2        On October 11, 2012, the appellant and her husband, a Federal employee, divorced after 26 years of marriage. Initial Appeal File (IAF), Tab 6 at 78-93. He remained a Federal employee until he died on April 3, 2015, at age 57, with 28 years of service. *Id.* at 50-56. On May 20, 2015, the appellant filed an application for death benefits under the Federal Employees' Retirement System (FERS) based on her former husband's service, *id.* at 24-28, and their divorce decree, *id.* at 19.

¶3        In an initial decision, OPM notified the appellant that, although she was not eligible for a monthly apportionment of her former husband's annuity, she was approved for a survivor annuity in the amount of $1 per month. *Id.* at 21. She requested reconsideration, arguing that she was under stress at the time of the divorce and that the provision entitling her to $1 per month in survivor annuity benefits was included in the decree and the court order incident to the decree so that she would be able to maintain her health benefits. *Id.* at 9-10. She

contended that OPM should not have accepted the decree as an acceptable court order because it is ambiguous and contains confusing language, *id.* at 10, and leads to an unfair and inequitable result, *id.* at 14. In its reconsideration decision affirming its initial decision, OPM found that the appellant was not entitled to an apportionment of her former husband's annuity because he died while in service and had not yet applied for a retirement annuity, but that she was entitled to a survivor annuity in the amount of $1 per month, as provided for in the "Court Order Acceptable for Processing Retirement Benefits (Federal Employees Retirement System….)," signed by the parties and submitted by the appellant to OPM in 2012. *Id.* at 5-7.

¶4      On appeal, the appellant renewed her claim that the court order was not acceptable for processing when it was submitted because of confusing and ambiguous language between the divorce decree and the court order incident to the decree, IAF, Tab 1 at 7-12, and she sought her former husband's "full survivor annuity" based on what she contended was his intention, *id.* at 12. She subsequently requested a hearing, IAF, Tab 8, but later withdrew her request, IAF, Tab 12. The administrative judge afforded the parties a final opportunity to submit evidence and argument on the relevant issues, IAF, Tab 13, and the appellant did so, IAF, Tab 14.

¶5      Thereafter, the administrative judge issued an initial decision affirming OPM's reconsideration decision. IAF, Tab 15, Initial Decision (ID) at 1, 4. Citing 5 C.F.R. § 838.222, the administrative judge found that the appellant is not entitled to any retirement benefit because her former husband was not receiving an annuity at the time of his death. The administrative judge further found that "the issue of [the appellant's] divorce decree, and whether it should have been rejected, is immaterial." ID at 3-4.

¶6      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

## ANALYSIS

¶7      To the extent the appellant challenges on review the administrative judge's finding that she is not entitled to an apportionment of her former husband's annuity, ID at 3, we discern no basis upon which to disturb that finding. Regardless of the fact that the 2012 court order purported to assign the appellant an interest in her former husband's annuity, IAF, Tab 6 at 67, the annuity "was not in pay status," at the time of his death because he had not yet retired. 5 C.F.R. § 838.222(c);[2] ID at 3. Therefore, there was no annuity to be apportioned.

¶8      The appellant's main argument on review, however, is that the administrative judge refused to consider her challenge to the court order that OPM found acceptable for processing, particularly as it relates to her entitlement to a survivor annuity. PFR File, Tab 1. We agree with the appellant that the court order is not "immaterial." ID at 4.

¶9      The appellant's right to a survivor annuity as a former spouse is governed by the portion of the FERS statute codified at 5 U.S.C. § 8445. That section of the FERS statute provides that a former spouse of a deceased employee is entitled to a survivor annuity "if and to the extent expressly provided for" in either: (1) an election under § 8417(b) of the FERS statute;[3] or (2) the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree. *See* 5 U.S.C. § 8445(a). Although the "expressly provided for" provision of § 8445(a) does not require the use of "magic words," the intent to provide a survivor annuity must be clear, definite, explicit, plain, direct, and unmistakable, not dubious or ambiguous. *See Holzman*

---

[2] Pursuant to 5 C.F.R. § 838.22, "[i]f OPM receives a court order acceptable for processing that is directed at an employee annuity that is not in pay status, OPM will inform . . . the former spouse . . . that benefits cannot begin to accrue until the employee retires, or enters phased retirement status."

[3] The appellant's former husband made no such election because he died prior to retiring.

*v. Office of Personnel Management*, 62 M.S.P.R. 254, 257 (1994) (interpreting identical language found in 5 U.S.C. § 8341(h)(1)), *aff'd*, 48 F.3d 1237 (Fed. Cir. 1995) (Table).  Under 5 C.F.R. § 838.804(b), in order to expressly award a former spouse survivor annuity or expressly direct an employee or annuitant to provide a former spouse survivor annuity, the court order must expressly state that the former spouse is entitled to a survivor annuity using terms similar to those described by § 838.912.  *See* 5 C.F.R. § 838.804(b)(2).  For example, the court order must contain language such as "survivor annuity," "death benefits," or "former spouse survivor annuity."  5 C.F.R. § 838.912(a).

¶10      Here, the parties, both represented by counsel, signed a "Court Order Acceptable for Processing Retirement Benefits (Federal Employees' Retirement System; United States Office of Personnel Management)" that was filed in the Superior Court for the State of Arizona in and for the County of Maricopa on October 22, 2012, incident to the divorce decree filed the same date.  IAF, Tab 6 at 65-70.  The order provided in pertinent part that:

> Husband will, by this Order, be deemed to have elected the survivor annuity benefit, FERS will record Husband as having elected the survivor annuity benefit, and Former Spouse shall be designated as the survivor beneficiary in the amount of $1 per month (the cost of which shall be charged to the Former Spouse's share) until she is eligible for coverage under Medicare, which for the purposes of this Order shall be October 1, 2024.

*Id*. at 67-68.  The appellant submitted the order to OPM seeking approval of the benefits it provided.  *Id.* at 63.  Consistent with 5 C.F.R. § 838.222(c), OPM notified the parties and the appellant's attorney on August 8, 2013, that it had approved the appellant's application for benefits as set forth in the order, *id.* at 60-62, that her former spousal retirement benefits would begin when her former husband retired, and that it intended to honor her survivor annuity award in the amount of $1 per month.  It also enclosed references to applicable regulations that must be followed in awarding court ordered benefits.  *Id.*

¶11    On review, the appellant challenges on several grounds OPM's decision to accept the order for processing. She claims that the "Medicare language" in the divorce decree is ambiguous because it does not specify a date on which she will be eligible for Medicare and that therefore extrinsic evidence as to the parties' intentions should be considered. PFR File, Tab 1 at 3-7. However, the decree provides that the award of the appellant's share of her former husband's FERS benefit (and his Thrift Savings Plan benefit) shall be accomplished by court orders directed to the plan's administrators. IAF, Tab 6 at 82. As noted, the separate order concerning retirement benefits that was incident to the decree and that the appellant submitted to OPM for enforcement, and that OPM found acceptable for processing, specifically stated that the appellant would receive a monthly survivor benefit of $1 per month until she would become eligible for Medicare "which for the purposes of this Order shall be October 1, 2024." *Id.* at 68. Therefore, there is no ambiguity as to what the appellant's survivor benefit is or for how long she will receive it.[4] *Fox v. Office of Personnel Management*, 100 F.3d 141, 146 n.3 (1996) (explaining that, when the plain meaning of the operative term grants an annuity, the annuity must be awarded, regardless of extrinsic evidence). There is thus no basis for the appellant's argument that OPM should have returned the order to her former husband, "giving him the opportunity to review the wording again." PFR File, Tab 1 at 4.

¶12    The appellant further claims on review that she was not in her best mental state when she signed the divorce papers. *Id.* She was, however, represented by counsel during the divorce proceedings and when she signed the court order at

---

[4] We have considered the cases the appellant has cited in support of her positon and find them inapposite. For example, *Newman v. Teigeler*, 898 F.2d 1574 (Fed. Cir. 1990), concerned an issue of statutory construction involving a provision of the amendments to the Civil Service Retirement Spouse Equity Act of 1984. In *Davenport v. Office of Personnel Management*, 62 F.3d 1384, 1387 (Fed. Cir. 1995), the court found that OPM could consult a divorce decree when it clarified the meaning of the Qualified Domestic Relations Order at issue. Here, we have found that the order was not ambiguous and therefore it needed no clarification.

issue here, including the provision she now challenges, which, she acknowledges, assured that she would continue to have needed health benefits following the divorce. To the extent the appellant now seeks to substitute terms in the order that would be more favorable to her, any such modification is precluded because of her former husband's death. 5 C.F.R. § 838.806(b)(1). In any event, the appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶13      Finally, the appellant argues on review that the order, as enforced by OPM, is patently unfair and inequitable.[5] PFR File, Tab 1 at 8. While we are sympathetic, the U.S. Supreme Court has held that the Government cannot be estopped from denying benefits not otherwise permitted by law. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[5] On review, the appellant renews her claim that, even though her former husband had 28 years of Federal service, none of their children will receive benefits. PFR File, Tab 1 at 8. That is not a matter that we can consider in this appeal in which the appellant contests the denial of her own benefits. However, if she believes that any of the minor children have not received benefits to which, based on their father's Federal service, they are entitled, she must file a claim on their behalf with OPM. If OPM issues unfavorable decisions initially and on reconsideration, she then may pursue an appeal with the Board on behalf of her minor children.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.